**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 22, 2022

LETTER ORDER

RE:   *Shipley v. Baltimore Police Department, et al.*,
Civil No. SAG-21-3173

Dear Counsel:

In the Amended Complaint in this case, Plaintiff Clarence Shipley ("Plaintiff") sued the Baltimore Police Department ("BPD") and seven current and former Baltimore Police Officers (collectively, "the Officer Defendants"). ECF 27. Plaintiff alleges constitutional violations and state law claims in connection with his unlawful arrest and wrongful conviction, leading to his spending twenty-seven years in prison for a murder he did not commit. *Id.* ¶¶ 168-97. I have reviewed Defendants' Joint Motion to Bifurcate and Stay Discovery, ECF 57, and the accompanying Memorandum of Law, ECF 57-1 (collectively, "the Motion"), Plaintiff's Opposition, ECF 60, and Defendants' Reply, ECF 64. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Motion will be granted insofar as it seeks to bifurcate trial and stay discovery of the *Monell* claim[1] against BPD. However, I conclude that Defendants' request to bifurcate trial of the supervisory liability claim against Defendant Terrence McLarney is premature at this stage. Finally, discovery on Plaintiff's individual claims will be permitted to the extent described below.

The Motion seeks to bifurcate the trial of Plaintiffs' claims against the Officer Defendants from both the *Monell* claim lodged against BPD and the supervisory liability claim against McLarney. ECF 57 at 1. The Motion also seeks to stay discovery relating to the *Monell* and supervisory liability claims until the underlying § 1983 claims have been adjudicated. *Id*. The bifurcation of trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). Likewise, with respect to the requested stay, decisions about the appropriate timing and sequence of

---

[1] "*Monell* claim" refers to Plaintiff's claim against BPD (the municipality), under the dictates of *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978).

*Shipley v. Baltimore Police Dep't., et al.*,
Civil No. SAG-21-3173
December 22, 2022
Page 2

discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

In the majority of similarly situated cases against the BPD and related entities, this Court has bifurcated *Monell* and supervisory liability claims from underlying § 1983 claims against individual officers. *See, e.g.*, *Washington v. Baltimore Police Dep't*, Civ. No. SAG-19-2473, 2020 WL 6277276, at *2 (D. Md. Oct. 26, 2020); *Grim v. Baltimore Police Dep't*, Civ. No. ELH-18-3864, 2020 WL 1063091, at *5-6 (D. Md. Mar. 5, 2020) (quoting *Beasley v. Kelly,* Civ. No. DKC-10-0049, 2010 WL 3221848, at *3 (D. Md. Aug. 13, 2010) (noting that introducing evidence of other instances of police misconduct "would be highly prejudicial to the individual government employees")); *Burley v. Baltimore Police Dep't*, Civ. No. SAG-18-0173, 2019 WL 9078713, at *2 (D. Md. Nov. 18, 2019); *Tserkis v. Baltimore Cnty.*, Civ. No. ELH-19-202, 2019 WL 4932596, at *5 (D. Md. Oct. 4, 2019); *Harrod v. Mayor & Cty. Council*, Civ. No. SAG-18-2542 (D. Md. Oct. 10, 2019), ECF No. 65, at 2; *Burgess v. Baltimore Police Dep't*, Civ. No. RDB-15-0834, 2016 WL 1159200, at *1-2 (D. Md. Mar. 23, 2016) ("Given the derivative nature of BPD's potential liability, bifurcation would conserve judicial resources and encourage efficient litigation."); *Roberts v. Taylor*, Civ. No. CCB-18-1940 (D. Md. Jul. 18, 2019), ECF 60; *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 224245, at *10 (D. Md. Jan. 15, 2019) ("This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities."); *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 (D. Md. June 13, 2012) ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-21 (D. Md. 1991). There are a small number of cases denying bifurcation, but those cases constitute a distinct minority. *See Johnson v. Baltimore Police Dep't*, 500 F. Supp. 3d 454, 464 (D. Md. 2020); *Potts v. Hendrix*, Civ. No. CBD-16-3187 (D. Md. Dec. 7, 2018), ECF 84, at 4 (denying  motion to bifurcate and stay discovery); *Owens v. Baltimore City State's Attorneys' Office*, Civ. No. GLR-11-03295 (D. Md. June 23, 2015), ECF No. 96 (declining, without explanation of reasoning, to stay discovery, and reserving the issue of bifurcation until discovery had concluded). In *Johnson,* the Court determined that a stay of discovery would be premature and expressed concern that memories would fade and evidence would potentially be lost if bifurcation were granted. *Id.* at 463. Ultimately, the decision whether to bifurcate is a fact-specific inquiry in each case. In my view, the facts of this case, like in the majority of cases above, support bifurcation.

In order to establish *Monell* liability on the part of the BPD, Plaintiff first will have to establish that he suffered constitutional injury. Discovery as to the facts of his particular investigation and conviction will be complex due to the age of his case, but relatively limited in purview. *See, e.g.*, *Marryshow*, 139 F.R.D. at 319. In contrast, the more expansive *Monell*-related discovery requested by Plaintiff would extend into other wrongful conviction cases and disciplinary complaints dating back thirty-plus years, between 1983 and 1993. *See* ECF 64-1 at 4-7. Distinguishing the *Monell*-related discovery from that relating directly to the facts of Plaintiff's conviction should be a simple proposition, and reserving the much broader discovery until a particular constitutional violation has been established could greatly assist in narrowing the scope of discovery, the length of time it will take to conduct, and the overall expediency of the case.

2

*Shipley v. Baltimore Police Dep't., et al.,*
Civil No. SAG-21-3173
December 22, 2022
Page 3

Further, I am unpersuaded that there is any real risk of deterioration of memory that might accrue during the relatively minor delay that will accompany bifurcation. Any memories that have survived thirty-plus years are unlikely to fade in the next year or two.

In so ruling, however, I expressly contemplate that the requested discovery relating to the particular officers who have been sued in this case will be permitted, along with more general discovery relating to the written policies, practices, and procedures of the BPD during the time between 1983 and 1993. The *Monell* discovery that will not be permitted at this time relates to incidents involving other BPD officers unrelated to the instant case. Plaintiff will have evidence of BPD's standard policies, practices, and training, the specific training given to the officers at issue in his case, and the conduct of those officers in his case and other cases, which should suffice to allow him to prove all elements of his claims as pled against the Officer Defendants.

Additionally, I am persuaded that the bifurcation of trial on the *Monell* claim in this case will advance judicial economy and minimize any prejudice to the Officer Defendants. Significant prejudice would accrue to those defendants if evidence of other officers' wrongful conduct in unrelated cases were to be admitted into evidence at the trial against them. *See Marryshow*, 139 F.R.D. at 320. And, if there is a finding of individual officer liability or of qualified immunity that leaves viable a *Monell* claim against the BPD, the second trial may prove unnecessary for a variety of reasons that would not prejudice Plaintiff's ability to obtain full relief for his claims. Thus, issues of prejudice and considerations of judicial economy weigh in favor of bifurcation for trial.

With respect to McLarney, he will be subject to the same discovery as the other Officer Defendants regarding his personal history of similar claims, as he is also a defendant as to Counts One, Two, and Three as to his personal conduct. Furthermore, as to the supervisory liability claim, Plaintiff may seek discovery of materials that are relevant to proving whether McLarney failed to adequately supervise the other Officer Defendants during their investigation of Plaintiff. As a general matter, however, requests related to McLarney's supervision of other officers in unrelated incidents will be part of the bifurcated *Monell* discovery to be addressed at a later time.

Finally, I conclude that it is premature at this stage to bifurcate trial of the supervisory liability claim against McLarney. Notably, Defendants' concern that "Plaintiff may seek to introduce highly prejudicial evidence of prior, unrelated police misconduct" to prove that McLarney was deliberately indifferent, ECF 57-1 at 10, is purely conjectural at this point, given that no evidence of prior misconduct is necessary to establish a supervisory liability claim. *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). Accordingly, the question of whether to bifurcate the supervisory liability claim is best reserved for after the conclusion of discovery, at which point the evidence that Plaintiff will seek to introduce against McLarney will become clearer.

For these reasons, Defendants' Motion, ECF 57, is GRANTED IN PART. Specifically, the Motion is granted insofar as it seeks to bifurcate trial and stay discovery of Plaintiff's *Monell* claim against BPD. Defendants' request to bifurcate trial of the supervisory liability claim against McLarney is denied as premature, though Defendants may reraise this issue at the conclusion of

*Shipley v. Baltimore Police Dep't., et al.*,
Civil No. SAG-21-3173
December 22, 2022
Page 4

discovery. Finally, discovery on Plaintiff's individual claims, including the supervisory liability claim against McLarney, will be permitted but limited as described herein.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge