UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**ADAM B. ABELSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7750
MDD_ABAchambers@mdd.uscourts.gov

## LETTER ORDER AND OPINION

Date:       October 25, 2023
To:         Counsel of Record, via CM/ECF
Re:         *Shipley v. Disney et al.*, Civil No.: 21-cv-3173-SAG – Discovery Dispute

Dear Counsel,

Pending before the Court is a dispute regarding the timeliness of Plaintiff's Rule 30(b)(6) notice (the "Notice") to Defendant Baltimore Police Department ("BPD"). ECF Nos. 89 & 90. The Notice, ECF No. 89-1, was served on August 9, 2023, twenty-seven days before the close of fact discovery. Although the Notice was served within the fact discovery period, BPD contends that the Notice was untimely because (1) Local Rule 104.2 requires that written discovery be served "at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court"; (2) Plaintiff had not notified BPD earlier in discovery that he intended to serve a Rule 30(b)(6) notice; and (3) in any event 27 days did not provide BPD sufficient time to identify and prepare 30(b)(6) witnesses.

Although Local Rule 104.2 does not by its terms apply to deposition testimony, including 30(b)(6) testimony, BPD is correct that the policy reflected in that rule counsels strongly in favor of service of all discovery requests sufficiently in advance of a discovery deadline to permit completion, not just service, of requested discovery. There are exceptions, however—such as where, as here, bona fide disputes arise regarding the discovery at issue. Moreover, Local Rule Appendix A (Discovery Guidelines), Guideline 9b, provides that 14 days' notice generally "should be deemed to be 'reasonable notice' within the meaning of Fed. R. Civ. P. 30(b)(1) for the noting of depositions." Here, although earlier service of the 30(b)(6) notice, or conferences regarding potential topics, may have been advisable, the record does not merit an order quashing the notice as untimely, as BPD requests. As BPD acknowledges, notwithstanding bifurcation of Plaintiff's *Monell* claim, in particular discovery regarding "incidents involving other BPD officers unrelated to the instant case," ECF No. 65 at 3, Plaintiff is entitled some discovery from BPD. *See* ECF No. 89 at 1. BPD's timeliness objection to the Notice is overruled.

I understand BPD also objects to the scope of particular topics. The parties should promptly meet and confer regarding those disputes. If any disputes remain, the parties should file simultaneous letters, not to exceed 3 pages each, by November 1, 2023.

Although in letter form, this is an order of the Court and will be docketed accordingly.

Sincerely,

*/s/*

Adam B. Abelson
United States Magistrate Judge