UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**ADAM B. ABELSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7750**<br>MDD_ABAchambers@mdd.uscourts.gov |

**LETTER ORDER AND OPINION**

November 2, 2023

To: Counsel of Record

Subject: *Shipley v. Disney, Jr., et al.*, Civil Case No. SAG-21-3173
CIU Memorandum Redactions

Dear Counsel,

On September 1, 2023, Judge Gallagher granted the Officer Defendants' Motion to Compel the State's Attorney for Baltimore City ("SAO") to Comply with a Subpoena, which had sought records relating to the Conviction Integrity Unit's ("CIU's") reinvestigation of the conviction of Plaintiff Clarence Shipley. ECF No. 77. The SAO withheld some documents based on the attorney work product doctrine. Judge Gallagher further held that, as to information withheld solely on work product grounds (as opposed to attorney-client privilege), the Officer Defendants had shown "'both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship,'" because "[t]he factual information known to the SAO at the time of Plaintiff's original prosecution, and the factual information resulting in the writ of actual innocence, is highly relevant to the Officer Defendants' defense of the claims against them, and there is no other ready source of the information." *Id.* (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)). Thus, "[t]o the extent the documents contain fact work product"—as opposed to opinion work product—Judge Gallagher ordered that the information be produced. *Id.*

With discovery in this case having been referred to me, one pending dispute relates to the redactions to an undated memorandum from Lauren Lipscomb, Division Chief of the CIU, regarding the CIU's reinvestigation of the prosecution of Mr. Shipley, and the CIU's recommendations (Bates numbered SAO 146-153). The question presented is whether any of the redacted portions of that memorandum constitute "factual information"—which Judge Gallagher has ruled must be produced—or instead constitute the "opinions" of Ms. Lipscomb, the attorney who prepared the memorandum on behalf of the CIU.

The attorney work product doctrine "creates a 'protected zone' surrounding an attorney's preparation of a client's case which extends to information the attorney, or her agent, assembles in anticipation of litigation, as well as the deliberative process she uses to separate relevant from irrelevant facts, determine strategy and legal theories." *Nutramax Lab'ys, Inc. v. Twin Lab'ys Inc.*, 183 F.R.D. 458, 462 (D. Md. 1998) (citing *Hickman v. Taylor,* 329 U.S. 495, 67 (1947)). Opinion work product comprises the "opinions or mental impressions of a lawyer." Restatement (Third) of the Law Governing Lawyers § 87 (2000). Fact work product, in contrast, comprises, for example, a "transaction of the factual events involved." *In re Grand Jury Proceedings, John*

*Shipley v. Disney, Jr., et al.*
Civil No.: SAG-21-3173
November 2, 2023
Page 2

*Doe*, 102 F.3d 748, 750 (4th Cir. 1996).

Of course, "the line between opinion and non-opinion work product can be a fine one." *In re Martin Marietta Corp.*, 856 F.2d 619, 626 (4th Cir. 1988). And "even the disclosure of non-opinion work product in its purest form will reveal, to some extent, 'counsel's approach.'" *Nutramax*, 183 F.R.D. at 465 (quoting *Martin Marietta*, 856 F.2d at 625). Nonetheless, given the Officer Defendants' "substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship," ECF No. 77, the Officer Defendants are entitled to production, i.e., removal of redactions, of portions of Ms. Lipscomb's CIU memorandum that constitute facts as opposed to her mental impressions, strategy determinations or legal theories.

Applying those standards, the SAO is ordered to produce a modified version of the CIU memorandum that removes the redactions from these portions of the memorandum:
- Page 2 lines 9-10: "1) 1 of the 2" through "photo lineup";
- Page 2 lines 11-12: "2) the State's" through "to Defense";
- Page 5: redacted portions of paragraph that begins, "On 8/8/18, CIP interviewed . . ."; and
- Page 7 n.17: last sentence ("There is . . . photos");
- Page 7 n.18: last sentence ("It should be noted . . . or now.").

Otherwise, the redactions appropriately withhold opinion work product and may remain.

Although informal in format, this constitutes an order and opinion of the Court and shall be docketed as such.

Sincerely,

/s/

Adam B. Abelson
United States Magistrate Judge