U.S. District Court
for the District of Maryland
(Northern Division)

**Clarence Shipley**,

    Plaintiff,

    v.

**Deems Martin Disney, Jr., et al.**,

    Defendants.

Case No. 1:21-CV-03173-SAG

## Plaintiff's Motions In Limine

Clarence Shipley has brought this civil-rights lawsuit under 42 U.S.C. § 1983 after he served nearly thirty years in prison for a murder that he did not commit. Shipley's trial against the Defendants—Edward Nelson Henneman, Sr., Thomas Gerst, and Leroy Stanton—will begin on June 29, 2026. The Defendants are each former members of the Baltimore Police Department. The focus of the trial will be about the Defendants' coercive interrogation of a key witness. That witness—Alan Paul Scott (now known as Malik Abdul-Aziz)—falsely testified against Shipley at trial and undermined his alibi defense. Defendants either knew Scott's inculpatory statements were false or acted in reckless disregard of whether they were false. Shipley has claims against the Defendants for (1) fabrication of evidence and (2) failure to intervene to stop the fabrication of evidence.

With these motions in limine, Plaintiff Clarence Shipley asks this Court to resolve several important issues before trial. Resolving these issues now will "streamline the case for trial" and "provide guidance to counsel regarding evidentiary issues." *Adams v. NVR Homes, Inc.*, 141 F. Supp. 2d 554, 558 (D. Md. 2001). It will also protect Shipley's right to a fair trial by reducing the likelihood that the jury hears unfairly prejudicial evidence.

### I.    Defendants should be precluded from introducing evidence about Shipley's juvenile history.

Nearly forty years ago, the State arrested Shipley as a juvenile for various alleged offenses. (*See* Exh. A, UB NETHERCOTT 415−16). Most of the offenses were dismissed by the State or the juvenile court. A presentence report from the underlying murder indicates that some of the offenses might have been sustained—two for theft, one for assault, and one for drug possession. (Exh. A, UB NETHERCOTT 415−16). This Court, however, should bar Defendants from introducing evidence about these juvenile cases under Federal Rules of Evidence 401, 402, 403, and 404. This evidence is also not admissible to attack Shipley's credibility under Rule 608 or 609.

To begin with, Shipley's juvenile record is not "relevant" to the issues in dispute here, and evidence about his record is thus inadmissible under Rule 401 and 402.

Defendants, of course, cannot argue that the evidence is relevant to prove Shipley's purported propensity to commit crimes. Evidence of prior bad conduct "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(2). And while Rule 404(b)(2) permits the use of a bad prior act for certain non-propensity purposes, the evidence at issue would serve none of those permissible purposes.

But even if Shipley's juvenile record had some minimal relevance to a non-propensity purpose, Rule 403 would bar its introduction. The evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time." Fed. R. Evid. 403. There is no need to dive into the facts of incidents with (at best) a tenuous connection to this case. Among other things, it will needlessly prolong trial. The jury might also misuse the evidence as propensity evidence.

Shipley's juvenile record is also not admissible to attack Shipley's credibility for truthfulness. This requires the evidence at issue to bear on the "witness's

character for truthfulness." Fed. R. Evid. 608(a). But nothing about any of Shipley's juvenile allegations has anything to do with not being truthful. There are no allegations, for example, of fraud or dishonesty.

Rule 608 does allow a party to question a witness about prior criminal conduct when it can be done consistently with Rule 609. Shipley's juvenile record, however, is not admissible under Rule 609. "Juvenile adjudications" are "admissible under this rule only if . . . it is offered in a criminal case." Fed. R. Evid. 609(d)(1) (bolding removed). Here, this is a civil case, not a criminal case. Moreover, most of Shipley's juvenile's record doesn't involve "adjudications," Fed. R. Evid. 609(d)(1) (bolding removed), as the allegations were not sustained, (*See* Exh. A, UB NETHERCOTT 415−16). As a result, Shipley cannot be asked about his juvenile record under Rule 609.

## II.    Defendants should be precluded from introducing Shipley's adult criminal history.

Shipley has several adult arrests and one adult conviction—all from more than thirty-five years ago. (*See* Exh. A, UB NETHERCOTT 417). As for the conviction, according to the presentence report from the underlying murder, Shipley was purportedly convicted in 1991 of robbery with a deadly weapon and received a three-year suspended sentence. (Exh. A, UB NETHERCOTT 417). Just as this Court should bar Defendants from introducing evidence about his juvenile record, this Court should also bar them from introducing evidence about his adult record.

As with his juvenile record, Shipley's adult record is not "relevant" to anything in dispute here. Fed. R. Evid. 401. Nor is there any non-propensity-based rationale for its introduction. Fed. R. Evid. 404(b)(1). And even if it had some minimal relevance, the risk of unfair prejudice, confusion, and wasting the jury's time "substantially outweigh[s]" its relevance. Fed. R. Evid. 403. The evidence is therefore inadmissible under Rule 401, 402, 403, and 404.

Defendants should also not be allowed to cross-examine Shipley about his adult conviction to impeach him about his ability to be truthful. As noted above, a witness can be asked about a prior conviction under Rule 608 only if the conviction complies with Rule 609. Under Rule 609, a party can question a witness about a prior conviction that is more than ten years old only if the "probative value . . . substantially outweigh its prejudicial effect," Fed. R. Evid. 609(b)(1), (d)(3), a standard that flips the balancing test in Rule 403 to "more readily prevent prejudice," *Moore v. Volkswagenwerk, A.G.*, 575 F. Supp. 919, 921 (D. Md. 1983). Here, Defendants cannot establish that Shipley's dated conviction—which is more than 35 years old—meets that standard. As a result, Shipley's adult record is not admissible under Rule 609.

### III. Shipley should be permitted to use leading questions with adverse witnesses.

A court should "[o]rdinarily" permit a party to ask "leading questions" of "a hostile witness, an adverse party, or a witness identified with an adverse party," even when the witness is called as part of the party's case. Fed. R. Evid. 611(c). Here, Shipley might call witnesses as part of his case in chief that fit under each of those categories, and he requests that he be allowed to ask them leading questions.

First, Shipley might call the Defendants as part of his case in chief. They, of course, are each "an adverse party." Fed. R. Evid. 611(c).

Second, Shipley might call Vickie Wash. She is the individual who prosecuted Shipley for the underlying murder. She worked in the State's Attorney Office for 20 years (Exh. B, Tr. at 16). At her deposition, she stated that she believed she had an "excellent relationship with the [Baltimore] police department," and she acknowledged that she "worked closely with them." (Exh. B, Tr. at 50). She was asked whether she thought Shipley "was rightfully convicted after trial," and she said that, "if a jury convicted the defendant, I had confidence in their verdict." (Exh. B, Tr. at

-4-

130). All this suggests that she will either be a hostile witness or, at a minimum, "a witness identified" with the Defendants. Fed. R. Evid. 611(c).

Accordingly, this Court should permit Shipley to use leading questions if he calls either the Defendants or Wash as part of his case in chief.

### IV.   Evidence that the Baltimore Police Department will indemnify Defendants is admissible.

The Baltimore Police Department sent a letter to Shipley stating that it will indemnify each of the Defendants in this case if a money judgment is entered against them. (Dkt. No. 64-5; Exh. C). Indeed, in convincing this Court to stay Shipley's *Monell* claim, the Defendants told this Court that the Baltimore Police Department had provided him "a letter agreeing to indemnify a judgment entered against any of the Officer Defendants." (Dkt. No. 64 at 5). The letter and the judicial admission by the Defendants are relevant and admissible.

The fact that the Defendants are indemnified is "relevant." Fed. R. Evid. 401. Shipley is seeking punitive damages against the Defendants. (Dkt. No. 27 at 36). A "defendant's financial position is a proper consideration in assessing punitive damages." *Stamathis v. Flying J, Inc.*, 389 F.3d 429, 442 (4th Cir. 2004). Thus, "courts have concluded that evidence of "indemnification . . . is relevant in determining punitive damages." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 601 (D. Md. 2012) (listing cases). "'[T]he ultimate source of payment' is relevant to the issue of punitive damages because '[t]he jury must know the impact an award will have on the defendant to properly assess punitive damages.'" *Id.* (quoting *Perrin v. Anderson*, 784 F.2d 1040, 1047−48 (10th Cir. 1986)). By letting the jury know that the Defendants will be indemnified, the jury will be aware "that Defendants' ability to pay is essentially a moot point." *Id.* at 602. Moreover, "telling the jury about indemnification ensures that jurors have an accurate understanding of the likely deterrence effect of their judgment." *Id.*

Rule 411 is not to the contrary. That rule provides that the fact that "a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Not only is "indemnification . . . different from liability insurance" suggesting that the rule doesn't govern here, *Wallace*, 861 F. Supp. 2d at 601, but the rule also provides that a "court may admit this evidence for another purpose," Fed. R. Evid. 411. And in cases like this one, evidence of indemnification is not being used to prove whether a defendant "acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Rather, it is being used to prove the appropriate punitive damage award. Thus, in cases like this one where the fact of indemnification will be "used only in the damages context," the evidence simply does "not fall within the scope" of Rule 411. *Wallace*, 861 F. Supp. 2d at 601−02.

### V.      This Court should preclude Defendant's expert on economic damages from testifying.

The Defendants have hired Dr. Dwight D. Steward as an expert witness. He was recently deposed, though the transcript isn't available yet.[1] According to Steward's report, he was "retained by the Defendants to perform an analysis of the alleged economic damages of the Plaintiff, Mr. Clarence Shipley." (Exh. D, at 2). According to Dr. Steward, "Mr. Shipley has in all likelihood incurred no loss of earnings in this case." (Exh. D, at 4). Dr. Steward's testimony, however, is inadmissible.

### A.      Steward's testimony is irrelevant because Shipley is not asking for economic damages.

As Shipley told Defendants over three years ago in response to an interrogatory, he "is not claiming economic damages." (Exh. E). Shipley then, will not

---

[1] Shipley will provide this Court with a transcript of the deposition when it becomes available. Shipley deposed Steward, in compliance with the case's schedule, on February 24, 2026.

(and cannot) introduce evidence suggesting he suffered economic damages. He has thus not alleged any economic damages. As a result, Defendants have hired an expert to opine about Shipley's "alleged economic damages" when he has not alleged any, he is not requesting any, and he is not entitled to any. Defendants' expert, then, plans to testify about a fact that is not at issue.

Many rules prohibit a party from introducing expert testimony about an irrelevant topic. Most straightforwardly, Rule 402 prohibits the introduction of "[i]rrelevant evidence[.]" Similarly, Rule 702(a) prohibits the introduction of expert testimony that does not "help the trier of fact to understand the evidence or to determine a fact in issue[.]" Or, as the Fourth Circuit has put it, "if an [expert] opinion is not relevant to a fact at issue, *Daubert* requires that it be excluded[.]" *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021). Under these rules, this Court should not permit Steward to testify.

Steward's testimony is also inadmissible under Rule 403 because the complete lack of "probative value" of his testimony is "substantially outweighed" by various countervailing considerations. Perhaps most obviously, the testimony would just "wast[e] time" because the jury would hear testimony about a topic that is not in dispute. Fed. R. Evid. 403. Likewise, the testimony could "mislead[] the jury" into thinking that economic damages are at issue. Fed. R. Evid. 403. But most concerning is that permitting Steward to testify would be a backdoor way for Defendants to get in Shipley's otherwise irrelevant criminal history. (Exh. E, at 4–5). Indeed, much of Steward's report is simply a one-sided and disputed recounting of Shipley's criminal, school, and work history from when Shipley was a 19-year-old. (*See* Exh. E, at 4–5). That is, the report is mostly no more than a way to denigrate Shipley's character based on things that allegedly happened nearly forty years ago. Introducing this sort of evidence would cause "unfair prejudice" and undermine Shipley's right to a fair trial. Fed. R. Evid. 403.

Still, Defendants maintained during the meet-and-confer process that Steward can testify on the subject of "compensatory damages." Compensatory damages, however, generally consist of either "economic" or "non-economic" damages. *Neal v. United States*, 599 F. Supp. 3d 270, 301 (D. Md. 2022). Steward's testimony would be relevant to economic damages only—and, in fact, he was noticed to testify about economic damages only. Indeed, that's what his report discusses. Thus, Defendants seek Steward to testify about a form of compensatory damages that Shipley isn't seeking. And, for the reasons just discussed, he can't do that.

### B.    Steward's testimony is inadmissible under Rule 702 because his conclusion doesn't follow from his reasoning.

More generally, Steward's testimony is inadmissible under 702 because the opinion's conclusions find no support in Steward's reasoning. As explained, most of Steward's report consists of a character attack on a 19-year-old Shipley. The report then notes that some of these characteristics suggest that Shipley would have a reduced earning capacity. As the report states, "Mr. Shipley's limited education, work preparation and history of criminal activity would have limited his lifetime earnings ability even if his 1991 incarceration had not occurred." (Exh. E, at 6). But from the evidence that suggests that Shipley might have had more limited earning capacity than the typical person, Steward jumps to the conclusion that he "has in all likelihood incurred no loss of earnings in this case." (Exh. E, at 4). That simply doesn't follow.

That said, in any event, given that Steward wants to testify about something not at issue, his testimony is clearly otherwise inadmissible.

### VI.    The Court and parties should not use a shorthand for the case's caption that includes dismissed defendants.

One final issue. The parties and this Court have been using the following shorthand in the case's caption: "*Clarence Shipley v. Deems Martin Disney, Jr., et al.*" (*See, e.g.*, Dkt. No. 166, 167, 168). This reflects that Disney is the first named defendant in the original complaint. (Dkt. No. 1). During motions practice, however,

this Court has dismissed a handful of defendants, including Disney. (*See* Dkt. Nos. 46, 153).

If the jury sees or hears the current case shorthand, it might create confusion and prompt the jury to speculate about why Disney is no longer in the case. To avoid jury confusion, and to eliminate the risk of improper speculation, Shipley asks that the Court and parties refer to the case as "*Clarence Shipley v. Edward Nelson Henneman Sr. et al.*" in documents that might appear before the jury and when the case is orally announced.

Other courts have agreed to exclude dismissed parties from pleading shown to the jury to avoid potential confusion and prejudice. For example, one district court granted a plaintiff's motion to "exclude the dismissed defendants on the special verdict form and other pleadings shown to the jury." *Hayes v. Corrections Corp. of America*, No. 1:09-CV-0122, 2013 WL 695467, at *4 (D. Idaho Feb. 26, 2013). Another district court ordered that "[a]ny document bearing the case caption that is given to or displayed to the jury will be redacted so that it names only the Plaintiff and the two Defendants on trial." *Williams v. City of New York*, No. 19-CV-3347, 2023 WL 2911023, at *14 (S.D.N.Y. April 12, 2023). Shipley asks for a similar order.

March 2, 2026                                           Respectfully submitted,


                                                        */s/ Doug Keller*
                                                        Doug Keller, # 31815
                                                        dkeller@flowerskeller.com
                                                        Kobie Flowers, # 16511
                                                        kflowers@flowerskeller.com
                                                        Flowers Keller LLP
                                                        1601 Connecticut Avenue, NW
                                                        Washington, D.C. 20009
                                                        202.521.8742

                                                        Attorneys for Clarence Shipley