U.S. District Court
for the District of Maryland
(Northern Division)

| | |
|---|---|
| **Clarence Shipley**, | |
| Plaintiff, | Case No. 1:21-CV-03173-SAG |
| v. | |
| **Deems Martin Disney, Jr., et al.**, | |
| Defendants. | |

---

### Plaintiff's Unopposed Motion for Remote Testimony

---

Plaintiff Clarence Shipley's civil-rights trial against Defendants Edward Henneman, Sr., Thomas Gerst, and Leroy Stanton will begin on July 6, 2026. One of Shipley's expert witnesses—Dr. Susan Rushing—will likely be out of the country during trial. Dr. Rushing is Shipley's expert on noneconomic damages. (Dkt. No. 178, at 15). Shipley asks that this Court allow Dr. Rushing to testify remotely through videoconferencing software. Defendants do not oppose this request.

As relevant background, Dr. Rushing has twin thirteen-year-olds who are participating this summer in the International Geography Championships, which will take place in Thailand. The competition happens once every two years. Dr. Rushing plans to attend not only to support her children, but because she is also a coach. She will be gone by the time trial begins on July 6, 2026 and will not return to the United States until Saturday, July 18, 2026. The earliest she could testify in person would be Monday, July 20th—the eleventh day of trial. There is a good chance that trial will be over by then. The parties estimate that trial will take 8 to 12 days. (Dkt. No. 179). Dr. Rushing would like to testify via video from Thailand.

The federal rules recognize that sometimes a witness in a civil case cannot testify in person, and Federal Rule of Civil Procedure 43(a) gives a trial court

discretion to permit a witness to testify remotely "[f]or good cause in compelling circumstances" as long as "appropriate safeguards" are put into place. Shipley can meet that standard.

Shipley can establish "good cause" and "compelling circumstances" to have Dr. Rushing testify remotely. Fed. R. Civ. P. 43(a). Dr. Rushing will be out of the country during trial to support her children. It would be difficult and expensive for her to fly back for trial and then to return abroad over a short period of time. Her minor children might also need to fly back with her, possibly missing a relevant portion of the competition. "The cost of international travel can provide good cause for contemporaneous transmission of testimony." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (citing *Dagen v. CFC Grp. Holdings,* No. 00 Civ. 5682, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003)). And for Dr. Rushing, it is not only an issue of cost, but she would like to support her children as their mother and allow them to participate in the competition as their coach.

Shipley can also establish that "appropriate safeguards" will be in place. Fed. R. Civ. P. 43(a). To determine whether this requirement is met, "courts focus on whether the testimony [is] made in open court, [is] under oath, and whether the opportunity for cross examination [is] available." *FTC v. Swedish Match N. America, Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000). Here, Dr. Rushing will testify in open court and under oath. She will just do it through videoconferencing. Defense counsel will also be able to cross-examine her.

Defendants do not oppose this request. This underscores that Shipley's request meets Rule 43's requirements. Indeed, the 1996 Notes of the Advisory Committee on Rules for Rule 43 provide that "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." That's the case here.

-3-

Accordingly, this Court should permit Dr. Rushing to testify remotely through videoconferencing.

May 19, 2026                                    Respectfully submitted,


                                               */s/ Doug Keller*
                                               Doug Keller, # 31815
                                               dkeller@flowerskeller.com
                                               Kobie Flowers, # 16511
                                               kflowers@flowerskeller.com
                                               Flowers Keller LLP
                                               1601 Connecticut Avenue, NW
                                               Washington, D.C. 20009
                                               202.521.8742

                                               Attorneys for Clarence Shipley