**NATHAN & KAMIONSKI LLP**

EPHRAIM R. SIFF
*Partner*
esiff@nklawllp.com
T: (410) 630-4611
F: (410) 705-4379

June 8, 2026

**FILED *VIA* ECF**

The Honorable Stephanie A. Gallagher
United States District Court
101 West Lombard Street
Baltimore, Maryland 21201

Re:     *Shipley v. Henneman*, *et al.*, Case No. 1:21-CV-03173-SAG

Dear Judge Gallagher:

Defendants Thomas Frank Gerst, Edward Nelson Henneman Sr., and LeRoy Stanton ("Defendants") respectfully write to oppose Plaintiff's disclosure—made for the first time at Friday's motions hearing—that he intends to call Dr. Susan Rushing as a witness in his case-in-chief. **Dr. Rushing was disclosed, designated, and consistently represented throughout this litigation as a rebuttal expert only.** Permitting Plaintiff to reverse course at this late stage would substantially and unfairly prejudice Defendants.

### I.      Dr. Rushing's Own Report Identifies Her as a Rebuttal Expert.

Dr. Rushing's report makes plain that she was retained solely to respond to Defendants' expert, Dr. Steven Gaskell. Her report opens: "At the request of Plaintiff's legal team at Brown, Goldstein & Levy, LLP, and ***in response to the expert report of Steven Gaskell, Psy.D.***, I evaluated Clarence Shipley to determine what effect, if any, 27 years of wrongful incarceration had on Mr. Shipley's mental health." (Dr. Rushing report at 1) (emphasis added). The very next sentence reads: "***This rebuttal report*** is based on: 1) my review of Dr. Gaskell's report and corresponding materials; 2) a clinical evaluation that I performed of Mr. Shipley via telehealth on January 29, 2024 for 2 hours and on February 5, 2024 via telehealth for 2 hours; and 3) my review of other relevant documents related to Mr. Shipley." (*Id.*) (emphasis added). The text of Dr. Rushing's own report forecloses any argument that she was disclosed as anything other than a rebuttal expert.

"Generally, testifying expert witnesses qualify as either initial/affirmative experts or rebuttal experts." *Boles v. United States*, 2015 WL 1508857, at *1 (M.D.N.C. Apr. 1, 2015). "[A] rebuttal expert [is] one intended solely to contradict or rebut evidence on the same subject matter identified by another party… By contrast, an affirmative expert serves to establish a party's case-in-chief." *Id.* (internal citations omitted). The Fourth Circuit defines rebuttal evidence as "[e]vidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party. That which tends to explain or contradict or disprove evidence offered by the adverse party." *United States v. Stitt*, 250 F.3d 878, 897 (4th Cir. 2001) *quoting* Black's Law Dictionary 1267 (6th

ed.1990). Dr. Rushing's report fits squarely within this definition: it was prepared, in Dr. Rushing's own words, in response to Dr. Gaskell's opinions, with the stated purpose of rebutting his conclusions.

## II.      Plaintiff's Counsel Repeatedly Confirmed Dr. Rushing's Status as a Rebuttal Expert.

Plaintiff's representations of Dr. Rushing as a rebuttal expert have, for nearly two and a half years, been consistent and unambiguous. Even the timing of Dr. Rushing's disclosure is telling. The parties agreed to February 22, 2024 as the deadline for disclosure of Plaintiff's rebuttal experts, and Dr. Rushing was in fact disclosed on that very day. In fact, the next day, on February 23, 2024, the parties submitted to the Court a Stipulation Regarding Deferral of Expert Depositions stating, "Plaintiff served his Rule 26(a)(2) disclosures on December 20, 2023. The Individual Defendants served their Rule 26(a)(2) disclosures on January 22, 2024, and February 1, 2024. Plaintiff served his *rebuttal* Rule 26(a)(2) disclosures on February 12 and 22, 2024." Dkt. No. 111 at ¶1 (emphasis added).

More recently, Dr. Rushing's status as a rebuttal expert was expressly confirmed on November 7, 2025, when Defendants wrote to Plaintiff for the express purpose of confirming that Dr. Rushing is a rebuttal expert. Defendants wrote to Plaintiff, "we have *one report* from Dr. Susan Rushing, dated February 22, 2024. The second sentence of the report states that it is *a rebuttal report to Dr. Gaskell's report*. We assume you're disclosing Dr. Rushing as a rebuttal witness but we just wanted to double check and make sure we were not missing something about the disclosure or another report." Plaintiff responded unequivocally: "*Yes, Dr. Susan Rushing is being disclosed as a rebuttal expert.*" (Exhibit A, Nov. 7, 2025 email from C. Goo to K. Flowers and response thereto) (emphasis added).

Then, three months later, on February 10, 2026, when transmitting Dr. Rushing's report to Defendants, Plaintiff wrote: "Dr. Rushing's *Rebuttal* Report is attached. I apologize for the delay." (Exhibit B, Feb. 10, 2026 email from K. Flowers to C. Goo).

Additionally, Defendants noted in their Omnibus Motions in Limine (Dkt. No. 175 at 22 n.4) that "Plaintiff designated a psychiatrist *only as a rebuttal expert*"—a characterization Plaintiff never challenged or corrected in his opposition or reply briefing (emphasis added). The mere fact that Dr. Rushing may have reached independent clinical conclusions cannot transform a designated rebuttal expert into an affirmative case-in-chief witness. *See Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984) ("Ordinarily, rebuttal evidence may be introduced only to counter new facts presented in the defendant's case in chief."); *Boles*, 2015 WL 1508857, at *2. It is well settled that rebuttal experts may not be used to "introduce evidence more properly a part of a party's case-in-chief." *Stephenson v. Wyeth LLC*, 2011 WL 4900039, at *1 (D. Kan. Oct. 14, 2011) *citing SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1515 (10th Cir. 1990).

To allow a rebuttal expert to be converted into an affirmative expert—thereby introducing evidence more properly part of Plaintiff's case-in-chief—would circumvent the entire purpose of requiring designation of a witness as a rebuttal expert. It would permit any rebuttal expert, by last-minute re-designation, to offer affirmative opinion testimony despite having been disclosed solely

2

as a rebuttal witness. Plaintiff affirmatively and repeatedly represented—across fact discovery, expert discovery, submission of witness lists, and motions *in limine*, spanning over two years and with only thirty days remaining before trial—that Dr. Rushing would be called only in rebuttal. He is now attempting to reverse course at the eleventh hour.

### III.    Defendants Will Suffer Substantial Prejudice.

Defendants relied on Plaintiff's consistent representations and made strategic decisions accordingly. For example, Defendants agreed to defer expert depositions until after the ruling on summary judgment, ultimately chose not to depose Dr. Rushing, and agreed first to virtual testimony and then, after the Court denied Plaintiff's request (Dkt. No. 189) to a *de bene esse* deposition, all with the understanding that Dr. Rushing was a rebuttal witness only. Additionally, and most significantly, if the Court permits Plaintiff to call Dr. Rushing in his case-in-chief, Defendants will be denied the opportunity to have their own expert review and potentially rebut Dr. Rushing's methodology and findings. Permitting this last minute re-designation would substantially and unfairly prejudice Defendants, who structured their litigation strategy around Plaintiff's own representations.

For the foregoing reasons, Defendants respectfully request that the Court preclude Plaintiff from calling Dr. Susan Rushing in his case-in-chief.

Respectfully Submitted,

/s/ Ephraim R. Siff
Shneur Z. Nathan, # 20707
Avi T. Kamionski, # 20703
Ephraim R. Siff, # 20761
Christine Goo, # 30378
Perry Wasserman, # 31209
Kimberly Mann, # 30602
NATHAN & KAMIONSKI LLP
575 South Charles Street, Suite 402
Baltimore, MD 21201
410-620-4611 (tel)
410-705-4379 (fax)
esiff@nklawllp.com

*Attorneys for Defendants*