**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**
**MDD_SAGchambers@mdd.uscourts.gov**

June 23, 2026

**LETTER ORDER**

Re:  Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
     Civil Case No. SAG-21-03173

Dear Counsel:

This Court has reviewed the parties' filings at ECF 198 and 200 regarding the presentation of evidence and instructions to be given at this trial. Several issues are now ripe for decision.

First, this Court has selected the instruction that it will give on fabrication of evidence, which is modified from that given in another fabrication of evidence case within the Fourth Circuit. *See Howard v. Dowdy*, 1:17-CV-477 (E.D.N.C.). This Court's instruction is attached as Exhibit A to this letter. Both parties' objections to this instruction are preserved.

Second, regarding the manner of presenting the testimony from the state court criminal trial, this Court's strong preference would be to present this testimony via summaries. Reading hundreds of pages of trial testimony is unlikely to hold the jury's attention. If agreement on summaries cannot be reached, this Court is inclined to permit reading of the entirety of the criminal trial transcripts,[1] including opening and closing arguments, but excluding the objections, court rulings, and jury instructions. This Court finds that the jury instructions presented to the criminal jury would have little probative value to the questions before this jury and would cause significant confusion given differences between those past instructions and the instructions that this Court will provide. The parties are instructed to meet and confer promptly to discuss summaries and excerpts and provide a joint status report on or before **Monday June 29, 2026**.

Third, in light of the fact that all evidence regarding the criminal trial will be presented through either the reading of transcripts or the reading of summaries, this Court has concluded that bifurcation on what the parties describe as the "Scott Testimony Theory of Causation" is unnecessary. This Court's earlier inclination to bifurcate stemmed from its concern that the federal jury would not be able to differentiate between the testimony, by several of the same witnesses, regarding their testimony at the criminal trial offered for its effect on the criminal jury and their testimony offered for its truth in this trial. Because all evidence regarding the testimony at the criminal trial will be presented as transcripts or summaries, however, this Court believes that the jury can differentiate the two forms of evidence. This Court will instruct the jury that it may

---

[1] Of course, should the parties be able to agree on excerpts to shorten the presented testimony, this Court would readily agree.

Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
Civil Case No. SAG-21-03173
June 23, 2026
Page | 2

consider the transcripts or summaries solely for their effect on the criminal jury in determining the causation element of Plaintiff's claims.

Fourth, this Court will admit the prior testimony of Detective David Brown regarding why he included Plaintiff's photo in the photo array shown to Gene Smith for the limited purpose of its effect on the criminal jury. Regardless of whether this prior testimony was truthful, its presentation to the criminal jury may have had some effect on that jury's verdict. It therefore has some relevance to the Scott Testimony Theory of Causation. Plaintiff has not yet moved to admit Brown's or any other witness' testimony for a hearsay purpose. If Plaintiff wishes to do so, he should file such a motion by **Thursday June 25, 2026**. Defendants will then have until **Monday June 29, 2026** to oppose that motion. If this Court does not admit Detective Brown's prior testimony for its truth, and if Defendants' request, this Court will give a limiting instruction specific to the jury's consideration of this testimony separate from the general instruction that the prior testimony is introduced only as to its effect on the listener.

Finally, Plaintiff should respond by **Thursday June 25, 2026** to Defendants' argument at ECF 199 regarding whether evidence of indemnification should be introduced (even in a bifurcated phase) if no instruction is given or argument is made regarding ability to pay.

Despite the informal nature of this letter, it constitutes an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

Exhibit A

Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
Civil Case No. SAG-21-03173
June 23, 2026
Page | 3

The first way the Plaintiff alleges that the Defendants violated his constitutional right to due process of law and a fair trial is by fabricating evidence. In particular, the Plaintiff alleges that the Defendants fabricated evidence, specifically, the statement and later testimony from Mr. Scott.

To succeed on this claim, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. The Defendant fabricated, that is created or made up, false evidence;
2. The Defendant fabricated the evidence deliberately or with a reckless disregard for the truth; and
3. The Defendant's fabrication of evidence caused a deprivation of Plaintiffs liberty.

Before any Defendant can be found liable on this claim, you must unanimously agree on each element of the claim.

An act is "deliberate" when it is formed, arrived at, or determined upon as a result of careful thought and weighing of considerations. This does not require that the Defendant acted out of actual malice, spite, or ill-will, but only that the Defendant made a knowing misrepresentation. An act is "knowing" within the meaning of these instructions when it is done voluntarily and intentionally, and not because of mistake or accident. An act is done with reckless disregard for the truth when the Defendant entertained serious doubts about whether the evidence was accurate or had obvious reasons to doubt its accuracy, yet proceeded anyway.

To satisfy the third element of a fabrication claim - that the fabrication caused or resulted in a deprivation of the Plaintiffs liberty, the Plaintiff must prove by a preponderance of the evidence that such fabricated evidence was both the "but for" and proximate cause of his loss of liberty. "But for" causation exists if the Plaintiff shows by a preponderance of the evidence that "but for" the fabrication of evidence, he would not have been charged and arrested. Proximate cause exists where the Plaintiff's loss of liberty was a reasonably foreseeable result of the Defendants' alleged act of fabrication. Therefore, the Plaintiff must also be able to show that, despite any intervening acts of independent decision-makers, the charge and arrest were a reasonably foreseeable result of the initial act of fabrication. However, none of the decisions taken by a prosecutor, witness, grand jury, or court will shield a police officer who deliberately supplied misleading information that influenced those decisions.

On this claim, the Plaintiff also seeks recovery for his loss of liberty post-conviction. In order to succeed on recovery for his post-conviction detention, the Plaintiff must prove that the Defendants' fabrication was the "but for" and proximate cause of his conviction at trial: but for the fabrication, he would not have been convicted by the jury, and the conviction was a reasonably foreseeable result of the Defendants' act of fabrication.