**NATHAN & KAMIONSKI LLP**

EPHRAIM R. SIFF
*Partner*
esiff@nklawllp.com
**T:** (410) 630-4611
**F:** (410) 705-4379

June 29, 2026

**FILED VIA ECF**

The Honorable Stephanie A. Gallagher
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

     Re: *Shipley v. Henneman, et al.*, Case No. 1:21-CV-03173-SAG

Dear Judge Gallagher:

Defendants respectfully write to oppose Plaintiff's motion to admit Detective David Brown's 1992 criminal trial testimony for its truth under Fed. R. Evid. 804(b)(1), the former testimony exception, and in the alternative, under Fed. R. Evid. 807, the residual exception. Dkt. No. 202. Defendants will not repeat their arguments regarding Fed. R. Evid. 804(b)(1), and instead submit on their arguments as set forth in their previous letter to the Court. *See* Dkt. 200 at 6-12.

## I.    Plaintiff Fails To Show That The Residual Exception Should Apply.

Fed. R. Evid. 807(a) provides that evidence that is otherwise hearsay and not admissible under any other hearsay exception may be admissible under the residual exception if "(1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." *Id.*

The residual "exception is intended to be used sparingly, and only in exceptional circumstances." *Wooldridge v. World Championship Sports Network, Inc.*, 2009 WL 3048677, at *4 (D. Md. Sept. 17, 2009) (citing *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir.1984)). Plaintiff contends admission of the evidence under the residual exception is appropriate on the grounds that "no 'reasonable efforts' could turn up better evidence." Dkt. No. 202 at 6. In this case, there is no "exceptional circumstance" to justify invocation of the residual exception. Plaintiff does not proffer what sort of efforts were made or could be made to turn up better evidence to prove his case. Plaintiff also does not demonstrate that this evidence is more probative on the point for which it is offered and does not proffer any evidence corroborating the testimony.

Plaintiff instead argues that because Det. Brown's testimony was under oath it is, *ipso facto*, admissible under the residual exception. Under Plaintiff's application of the residual exception, this Court could take a hatchet to the rule against hearsay and its exceptions and admit

any evidence if the proponent suggests that the hearsay statement is trustworthy and given under oath.

In fact, under Plaintiff's reading (*i.e.*, trustworthiness plus sworn testimony) there would be no need for Fed. R. Evid. 804(b)(1) at all, yet that is not the law. Det. Brown's testimony is inadmissible under Fed. R. Evid. 804(b)(1) because the opportunity and similar motive requirement "operates to screen out those statements, which although made under oath, were not subject to the scrutiny of a party interested in thoroughly testing its validity." *United States v. Pizarro*, 717 F.2d 336, 349 (7th Cir. 1983). For that very reason, the evidence should not be admissible under Fed. R. Evid. 807. The only way to guarantee the trustworthiness of a piece of evidence is to subject it to cross-examination. That is an opportunity that Defendants did not have. The mere fact that it was given under oath does not translate into the trustworthiness required under Fed. R. Evid. 807.

The burden is not on Defendants to show that a hearsay exception should not apply. To the contrary, "[t]he proponent of a hearsay statement bears the burden of proving each element of a given hearsay exception or exclusion." *United States v. Day*, 789 F.2d 1217, 1221 (6th Cir. 1986). A court must be convinced by a preponderance of the evidence that the hearsay exception applies. *Bourjaily v. United States*, 483 U.S. 171 (1987). Plaintiff fails to demonstrate by a preponderance of the evidence that there were no other reasonable efforts to procure the evidence that he now tries to introduce through Det. Brown's hearsay evidence.

## II.      Plaintiff Fails To Give Adequate Notice Required Under The Residual Exception.

Fed. R. Evid. 807(b) requires that a party seeking to introduce hearsay under the residual exception "give an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing--or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." Plaintiff has not satisfied this requirement. On three separate occasions—in a June 10, 2026 email to defense counsel,[1] on the record at the June 11 pretrial conference,[2] and in his June 16 letter to this Court,[3] Plaintiff unequivocally represented that Det. Brown's testimony would be offered as *non-hearsay*. Plaintiff's June 25, 2026 letter to the Court (Dkt. No. 202) is the first time he provided notice to Defendants that he "intends to introduce a portion of Brown's criminal trial testimony for its truth." Dkt. No. 202 at 3. With his letter to the Court, Plaintiff avers that he is simultaneously 1) providing notice to Defendants of his intention to offer Det. Brown's former testimony for its truth, and 2) providing the notice required under Fed. R. Evid. 807(b). Plaintiff cannot convert an eve-of-trial

---

[1] "We are offering the 1992 Shipley trial testimony of Brown and Smith for its effect on the hearer (i.e., the jury)—not its truth. It is non-hearsay. It is not a hearsay exception under FRE 804." June 10, 2026 email from K. Flowers to C. Goo, Dkt. 200.2.

[2] "Your Honor, we haven't identified exactly the portions we intend to use, but I did explain, just by way of perhaps a preview, that we intend to introduce the portions that we do intend to use as nonhearsay. That is, the effect on the hearer, the hearer here being the jury. And obviously not for their truth." Pretrial Conference – Motions Hearing Transcript, June 11, 2026, Dkt. 200.1, 32:16-21.

[3] "…none of this testimony would come in for its truth. It would thus not be hearsay." Plaintiff's letter brief, Dkt. 198 at 8.

reversal of course into the "reasonable notice" and "fair opportunity" that Fed. R. Evid. 807(b) demands.

Plaintiff's shift to introduce Det. Brown's former testimony for its truth is only in response to Defendants' June 19, 2026 briefing (Dkt. No. 200), which explained that Det. Brown's testimony—that he constructed the photo array based on what Scott told him—is necessarily offered for the truth of the matter, and that Plaintiff must admit it as such to prove that Scott's coerced/fabricated statement was the but-for cause of Gene Smith's identification. Defendants further demonstrated that the testimony does not satisfy the former testimony exception under Fed. R. Evid. 804(b)(1) because the 1992 prosecutor had no similar motive to develop it as Defendants would in this §1983 action. Only after that briefing did Plaintiff recognize the gap in his causation theory, reverse course and now invoke Fed. R. Evid. 807 for the first time. The prejudice to Defendants at this late stage is substantial.

For these reasons, Defendants respectfully request that this Court exclude Det. Brown's 1992 trial testimony for its truth and limit any use of Det. Brown's testimony to non-hearsay purposes only—solely for its effect on the 1992 criminal trial jury—consistent with Plaintiff's own repeated representations. If this Court permits only non-hearsay use, Defendants further request a limiting instruction specific to Det. Brown's testimony, as contemplated in this Court's June 23, 2026 Order (Dkt. No. 201 at 2).

Respectfully submitted,

/s/ Ephraim R. Siff
Shneur Z. Nathan, # 20707
Avi T. Kamionski, # 20703
Ephraim R. Siff, # 20761
Christine Goo, # 30378
Perry Wasserman, # 31209
Kimberly Mann, # 30602
NATHAN & KAMIONSKI LLP
575 South Charles Street, Suite 402
Baltimore, Maryland 21201
410-630-4611 (tel)
410-705-4379 (fax)
esiff@nklawllp.com

Attorneys for Defendants

3