U.S. District Court
for the District of Maryland
(Northern Division)

**Clarence Shipley**,

    Plaintiff,

    v.

**Edward Henneman, Sr., et al.**,

    Defendants.

Case No. 1:21-CV-03173-SAG

## Joint Status Report

The parties jointly write to update this Court about several trial-related matters.

First, in this Court's June 23, 2026 order, it asked the parties to meet and confer about how the criminal-trial transcripts will be presented to the jury. (Dkt. No. 201). After discussing the issue, the parties could not come to an agreement about using summaries of the transcripts. That said, the parties have worked together to come up with a shortened version of the transcripts in which objections, responses, and other irrelevant matters have been redacted or deleted.

Second, Clarence Shipley hired four actors to read the relevant portions of the transcripts to the jury. Shipley's plan is to have the actor playing the prosecutor or defense attorney read from the podium, and the actor playing the witness read from the witness stand. Shipley believes that this dynamic will better recreate what the original jury heard, and it will make it easier for the jury to follow. Defendants have no objection to testimony being read this way.

The parties also suggest that this Court add the actors' names to the list of individuals that this Court asks prospective jurors about. Their names are Ronald Benson-El, Colin Davies, Taunya Ferguson, and Anna Nelson.

-2-

Plaintiff will introduce relevant portions of the criminal-trial transcripts themselves as exhibits. Defendants continue to object to Det. Brown's testimony being offered for the truth of the matter. The parties suggest that the jury receive the following instruction about the transcripts: "The transcripts from the original criminal trial include redactions that the parties have agreed to. You are not to consider what was redacted." That said, the parties disagree about whether the jury should have access to the transcripts themselves during the actors' demonstration. Defense counsel would like the jury to have access to the transcripts to read along. Plaintiff's counsel thinks that having access to the transcripts might distract the jury.

Third, the parties want to alert this Court to the fact that they have not located most of the exhibits used in the original criminal trial. The civil jury, then, will not have access to all the exhibits themselves, though the trial transcripts generally describe the exhibits. That said, defense counsel has found what they believe are two of the exhibits, and plaintiff's counsel does not object to the jury receiving those exhibits.

The parties thought that this Court might want to instruct the jury about the missing exhibits, so the jurors do not wonder whether they will have access to them. Here is a suggested instruction:

> During the reading of the trial transcripts from the original criminal trial, you will hear reference to exhibits. You will have access to only two of the exhibits. The other exhibits cannot be located.

Fourth, the parties have come to an agreement about our proposed change to Question 14 of the voir dire. The parties agree that Question 14 should read: "Do you believe that police officers are likely to engage in misconduct?"

Finally, the parties want to let the Court know that Defendants have chosen not to call Dr. Stephen Gaskell as a witness. As a result, Shipley will not call Dr. Susan Rushing in rebuttal, and her de bene esse deposition has been cancelled.

-3-

June 29, 2026

Respectfully submitted,

*/s/ Doug Keller*
Doug Keller
Fed. Bar # 31815
dkeller@flowerskeller.com
Kobie Flowers
Fed. Bar # 16511
kflowers@flowerskeller.com
Paul Barr, #32342
pbarr@flowerskeller.com
Flowers Keller LLP
1601 Connecticut Avenue, NW
Washington, D.C. 20009
o 202.521.8742
d 202.993.1282

Counsel for Clarence Shipley

*/s/ Christine Goo*
Shneur Z. Nathan, # 20707
Avi T. Kamionski, # 20703
Christine Goo, # 30378
Ephraim R. Siff, # 20761
Perry Wasserman, # 31209
Kimberly Mann, # 30602
NATHAN & KAMIONSKI, LLP
575 South Charles Street, Suite 402
Baltimore, MD 21201
cgoo@nklawllp.com

*Counsel for the Defendants*