**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**                                                                                     **101 WEST LOMBARD STREET**
**STEPHANIE A. GALLAGHER**                                                              **BALTIMORE, MARYLAND 21201**
**UNITED STATES DISTRICT JUDGE**                                                                    **(410) 962-7780**
                                                                                             **Fax (410) 962-1812**
                                                                            **MDD_SAGchambers@mdd.uscourts.gov**

June 30, 2026

**LETTER ORDER**

      Re:  Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
            Civil Case No. SAG-21-03173

Dear Counsel:

This Court has reviewed the parties' filings at ECF 199, 200, 202, 203, and 205 regarding the presentation of evidence at this trial and has reached the following decisions.

First, this Court concludes that evidence that the City will indemnify Defendants will be inadmissible absent any evidence or argument presented by Defendants concerning their ability to pay. Absent such evidence or argument, this Court will not instruct the jury that ability to pay is relevant to punitive damages. The jury will be instructed that the purpose of punitive damages is to punish Defendants and to deter Defendants and others from engaging in similar conduct. Evidence that the City would pay any punitive damages award is not relevant to that purpose.

Although Plaintiff framed this decision as a reconsideration of this Court's prior order that introduction of indemnification evidence would require bifurcation, this Court disagrees. That order reflected only this Court's conclusion that if such evidence were introduced, it would be introduced in a bifurcated punitive damages phase. Now that the evidence will be excluded, no need for bifurcation remains absent Defendants' presentation of evidence or argument concerning ability to pay. Given the possibility that Defendants open the door to indemnification evidence, and resulting bifurcation, this Court remains inclined to instruct the jury preliminarily that they may reach certain "decision points," at which time they will reach a verdict on certain questions before returning to hear additional evidence.

Second, the residual exception permits introduction of Detective David Brown's prior testimony for its truth. That exception requires that (1) the statement be supported by sufficient guarantees of trustworthiness, in light of the totality of the circumstances at the time that it was made, including any corroborating evidence; (2) the statement be more probative of the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (3) the proponent give the opposing party reasonable notice, specifically, in writing before trial, so that the opposing party has a fair opportunity to meet it. Fed. R. Evid. 807. As Defendants note, this exception "is intended to be used sparingly, and only in exceptional circumstances." *Wooldridge v. World Championship Sports Network, Inc.*, Civ. No. DKC 2007-3482, 2009 WL 3048677, at *4 (D. Md. Sept. 17, 2009) (citing *United States v. Heyward*, 729 F.2d 297, 299–300 (4th Cir.1984)).

Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
Civil Case No. SAG-21-03173
June 30, 2026
Page | 2

Plaintiff has satisfied each of these elements, and this Court concludes that exceptional circumstances exist to admit the statement. The totality of the circumstances at the time that the statement was made indicate that it is supported by sufficient guarantees of trustworthiness. Detective Brown made the statement under oath, and his contemporaneous report corroborates his testimony that he intended to present Eugene Smith with a photo array after learning of Allan Scott's statement, *see* ECF 202-2. Furthermore, Detective Brown made this statement under circumstances in which he had no motivation to lie. The heart of his testimony concerned the identification of Plaintiff by Mr. Smith. The portion of his testimony offered here, that Detective Brown presented Mr. Smith with a photo array that included Plaintiff's picture after learning information from Mr. Scott, did no more than provide brief context for the testimony concerning the identification of Plaintiff. Detective Brown had no apparent incentive to fabricate that context, which his contemporaneous report corroborates.

Additionally, the statement is more probative of the chain of events leading to the identification of Plaintiff than any other evidence Plaintiff could obtain through reasonable efforts. Detective Brown is no longer alive, and there appears to be no other evidence concerning the chain of events leading to the compilation of the photo array, which occurred over thirty years ago.

Finally, Plaintiff provided notice of his intention to introduce this statement pursuant to the residual exception in writing before trial. *See* ECF 202. Although Plaintiff had previously argued that he was offering the statement for a non-hearsay purpose, those arguments were made in the context of discussions concerning the presentation of all testimony from the criminal trial for the purpose of its effect on the criminal jury. Those arguments do not preclude Plaintiff from separately offering the statement for its truth, as he now has in accordance with the notice requirements contained in Federal Rule of Evidence 807(b). Furthermore, Defendants have been aware of this statement from the beginning of this litigation, and, in light of the fact that there does not appear to exist any other evidence on this point, it is not clear what other evidence Defendants would have obtained to contest the statement had Plaintiff provided notice sooner. The statement is therefore admissible under the residual exception.

Third, this Court is inclined to reject the parties' proposal to have actors read the criminal trial transcripts in court. It is customary for such reading to be done by counsel or other employees of counsel's law practice. Use of retained actors creates ample potential to distract from the actual evidence (the transcripts themselves) and to introduce issues about credibility, likability, demeanor, or intonation of the readers that will infect the presentation of transcript evidence. This Court will hear from the parties on this issue on the morning of trial, since the identity of the readers will not impact opening statements. Regardless of the outcome of that decision, this Court will permit the jury to read along with the transcripts during this portion of the trial presentation.

Clarence Shipley v. Edward Nelson Henneman, Sr., *et al.*
Civil Case No. SAG-21-03173
June 30, 2026
Page | 3

      Despite the informal nature of this letter, it constitutes an Order of the Court and will be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge