**NK** **NATHAN & KAMIONSKI LLP**

EPHRAIM R. SIFF
*Partner*
esiff@nklawllp.com
T: (410) 630-4611
F: (410) 705-4379

July 12, 2026

**FILED VIA ECF**

The Honorable Stephanie A. Gallagher
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re.:    *Shipley v. Henneman, et al.*, Case No. 1:21-CV-03173-SAG

Dear Judge Gallagher:

In accordance with the Court's specific instruction on Friday, July 10, 2026, to provide this Court with record citations from Allen Scott's testimony during this 2026 trial as it relates to Defendant's pending Rule 50 motion on Plaintiff's sole remaining claim, Defendant Edward Henneman, Sr. respectfully submits the following.

As it relates to Plaintiff's fabrication claim, there are two inquiries the Court must answer.[1] First, what false statement did Mr. Henneman allegedly coerce Allen Scott to adopt; and second, what did Scott, in fact, say to police on October 28, 1991 and testify to on June 11, 1992 at Plaintiff's criminal trial. The answers to these inquiries show that Plaintiff has not, and indeed cannot, demonstrate causation between any alleged fabrication and Plaintiff's deprivation of liberty. Therefore, under Rule 50, this matter cannot proceed to the jury, and judgment must be entered in favor of Mr. Henneman as a matter of law.

As to the first inquiry, at this 2026 trial, Scott testified that the statement "officers" fabricated was that he (*i.e.*, Scott) actually witnessed Plaintiff shoot Kevin Smith. *See* Ex. A, Trial Tr., July 9, 2026, 142:14-18:

> Q:    The officers who you claim coerced your statement told you to say that you saw a murder; isn't that correct?
> A:    That's correct.
> Q:    And that's what you did at trial?
> A:    Eventually.

*See also Id.* at 153:6-13:

> Q:    On October 28th, 1991.

---

[1] This letter serves only to provide, as directed by the Court, record citations from Scott's 2026 trial testimony as it relates to which 1991-1992 statement Scott says was fabricated. Mr. Henneman does not abandon any arguments previously presented in support of his Rule 50 motion.

A:      Okay. I'm focused on October 28, okay. I'm listening. Can you repeat the question please.

Q:      Did the officers tell you to tell -- to say that you saw Scooter shoot Kevin?

A:      Yes.

Q:      And is that what you testified to at trial?

A:      I believe so.

As to the second inquiry, Plaintiff has adduced no evidence that Scott ever adopted or told any officer that he actually saw the shooting. Nor has Plaintiff adduced any evidence that any officer ever *fabricated* such a statement. The only evidence presented in this 2026 trial on this point is that Scott signed Def. Ex. 2 because he "caved in." *See* Ex. A at 32:23-33:1. Critically, Def. Ex. 2 does *not* say that Scott actually witnessed the shooting. Def. Ex. 2 only reflects that Scott said Plaintiff robbed him shortly before the murder of Kevin Smith. ("Q What do you know about the homicide that happen on 25 Oct 91 in the 2500 blk Joseph Ave"; "A About 10:00 p.m. I was on the way to the store and at Cherry Hill & Joseph Scooter approached me and asked me 'you want to see my know' and pulled out a 32 or 38 cal relover silver."; "Q What did you do?"; "A. I backed up when I saw the gun the jumped over the fence at the church and ran.") *[sic]*.

Furthermore, Plaintiff has adduced no evidence that at his criminal trial in 1992, Scott ever testified that he actually saw the shooting. Said another way, the statement Scott now says "officers" fabricated (*i.e.*, that he actually witnessed Plaintiff shoot Kevin Smith) was *never* used in Plaintiff's prosecution. *See* Pl. Ex. 21 (June 11, 1992 Trial Tr., Rebuttal Testimony of Allen Scott) at 230:21-238:17 (testifying only that he was robbed by Plaintiff shortly before Kevin Smith was shot).

Because Scott's allegedly fabricated statement was never used in the arrest or prosecution of Plaintiff, it cannot serve as a basis of liability against Mr. Henneman. Simply put, the allegedly fabricated statement that was referenced in this 2026 trial (*i.e.*, that Scott actually witnessed Plaintiff shoot Kevin Smith) *cannot*, either as a matter of fact or law, have caused Plaintiff's deprivation of liberty.

In conclusion, Mr. Henneman respectfully submits these record citations and incorporates them into the arguments he presented orally in support of his Rule 50 motion.

Respectfully submitted,

*/s/ Ephraim R. Siff*
Shneur Z. Nathan, #20707
Avi T. Kamionski, #20703
Ephraim R. Siff, #20761
Christine Goo, #30378
Perry Wasserman, #31209
Kimberly Mann, #30602
NATHAN & KAMIONSKI LLP
575 South Charles Street, Suite 402
Baltimore, Maryland 21201
410-630-4611 (tel)
esiff@nklawllp.com

*Attorneys for Defendant Henneman*

2