U.S. District Court
for the District of Maryland
(Northern Division)

**Clarence Shipley**,

    Plaintiff,

    v.

**Edward Henneman, Sr., et al.**,

    Defendants.

Case No. 1:21-CV-03173-SAG

---

### Plaintiff's Motion for a Remedy for Defense Counsel's Misrepresentation and Violation of Pretrial Agreement

---

Earlier today, defense counsel argued to the jury that the State's decision to dismiss Plaintiff Clarence Shipley's criminal case had "absolutely nothing to do with the statement of Allan Scott, the only thing before you today." (7/13/26 Tr. 43). This argument is factually untrue and violates the pretrial agreement between the parties about not referencing the investigation that led to Plaintiff's exoneration.

As relevant background, Shipley and the Office of the State's Attorney for Baltimore City jointly filed a "petition for writ of actual innocence" in 2018. (Exh. 1 at 1). The petition details the investigation that led the State to move to vacate Plaintiff's convictions. The petition lists the pieces of evidence that the State found "most compelling" in deciding that Plaintiff's convictions should be vacated. (Exh. 1 at 9). One piece of evidence concerned Allen Scott (or "AS" as the petition called him). While the State had not personally interviewed him, it had relied on evidence gathered in 2014 in which Scott had stated that the statement Henneman wrote down was false, that he had been given Shipley's name to say, and that he had not seen Shipley the night of the murder:

> Witness AS has not been located since 2014. However, the State has been provided with the following information. In 2014, Witness AS (who recanted on the stand in 1992) was interviewed by defense investigators. In that interview, Witness AS said Defendant Shipley's name was supplied to him but that he had not seen Shipley the night of the murder and he was motivated to provide false info to ease time on his car thefts. This information was corroborated by a review of various records which reflect Witness AS had been arrested for and admitted to committing around 7 car thefts, though he was only charged and convicted of 1. This information appears to have not been revealed during trial.

(Exh. 1 at 10−11). Elsewhere, the petition explained that the statement attributed to Scott had led the police to show Gene Smith a picture of Plaintiff. (Exh. 1 at 2).

The trial court granted this motion and vacated Plaintiff's conviction, and the State dismissed the charges against him. (Dkt. No. 178, at 9).

Accordingly, defense counsel misled the jury when she argued that the dismissal of Plaintiff's criminal case had "absolutely nothing to do with the statement of Allan Scott." (7/13/26 Tr. 43). The State had considered Scott's statement and his disavowal of it in dismissing Plaintiff's case.

Defense counsel not only misled the jury, but counsel also violated a pretrial stipulation while doing so. Before trial, the parties agreed that neither side would make "any reference to" particular "categories of evidence," including "any investigation or reinvestigation by the Baltimore City State's Attorney's Office (SAO), including the SAO's Conviction Integrity Unit[.]" (Dkt. No. 178, at 9). The purpose of this stipulation, then, was not to allow the parties to make arguments about what led to Plaintiff's exoneration. Defense counsel's argument referenced the evidence considered by the State's reinvestigation of Plaintiff's murder case, exactly what the pretrial agreement was intended to keep out.

That Plaintiff is entitled to a remedy to right this wrong finds support in *Hicks v. Ferreyra*, 582 F. Supp. 3d 269, 290 (D. Md. 2022), a case that Defendant has relied on in the context of litigating whether indemnification evidence should come in before

the jury. (*See*, *e.g.*, Dkt. No. 181, at 5). In *Hicks,* defense counsel during closing sought to "suggest to the jury—without any supporting evidence in the record—that the Defendants would be personally responsible to pay any judgment rendered against them." *Hicks*, 582 F. Supp. 3d at 290. During a recess before plaintiff's rebuttal closing, plaintiff's counsel "raised an issue" about defense counsel's argument. *Id.* at 288. Counsel explained that, while he had chosen not to introduce evidence about indemnification, he thought it was "inappropriate" for defense counsel to have falsely suggested that the defendants would be personally liable. *Id.* To remedy defense counsel's misstatement, the court permitted plaintiff's counsel to read to the jury the contrary evidence to rebut defense counsel's factually misleading statement. *Id.* Later, the Fourth Circuit upheld the district court's remedy, concluding that the court had acted within its discretion because "defense counsel's remarks gave the jury 'a wrong impression' that required 'curing.'" *Hicks v. Ferreyra*, 64 F.4th 156, 173 (4th Cir. 2023) (internal brackets omitted).

Plaintiff in this case is also entitled to a remedy. Defense counsel's argument has given the jury a "wrong impression that require[s] curing." *Hicks*, 64 F.4th at 173. This is especially so because this argument strikes at the heart of the case, and it is incredibly unfairly prejudicial. Defense counsel's failure to abide by the pretrial agreement compounds the unfair prejudice.

Plaintiff asks that this Court instruct the jury that defense counsel's argument that the dismissal of Plaintiff's criminal case had "absolutely nothing to do with the statement of Allan Scott" is factually wrong: it did have something to do with his case being dismissed. This would fix the prejudice from defense counsel's misstatement.

Plaintiff also asks that he be allowed to argue during his rebuttal closing that the fact that a judge vacated his criminal conviction and the State dismissed the charges against him is evidence that he did not murder Kevin Smith. That is, he should no longer be bound by any restrictions in the pretrial agreement, and he

-4-

should be allowed to ask the jury to draw inferences about his lack of culpability for Kevin Smith's murder from the fact that his criminal case was dismissed.

July 13, 2026                                    Respectfully submitted,


                                                /s/ Doug Keller
                                                Doug Keller
                                                Fed. Bar # 31815
                                                dkeller@flowerskeller.com
                                                Kobie Flowers
                                                Fed. Bar # 16511
                                                kflowers@flowerskeller.com
                                                Paul Barr, #32342
                                                pbarr@flowerskeller.com
                                                Flowers Keller LLP
                                                1601 Connecticut Avenue, NW
                                                Washington, D.C. 20009
                                                o 202.521.8742

                                                Counsel for Clarence Shipley